# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:13-cr-00008-MR-DLH-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| ALEJANDRO RAMIREZ-JUAREZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Reduce Sentence Pursuant [to] Amendment[s] 750 & 715" [Doc. 45].

In his motion, the Defendant moves pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence based on two amendments to the United States Sentencing Guidelines: Amendment 750, which became effective on November 1, 2011, and Amendment 715, which became effective on February 6, 2008. These amendments, however, became effective well before the Defendant was sentenced in December 2013. Section 3582 allows the Court to modify a sentence based on a sentencing range that was "subsequently" lowered. 18 U.S.C. § 3582(c)(2) As these Amendments

were already in effect by the time that the Defendant was sentenced, he has already received the benefit of these Amendments.[1]  Therefore, his request for relief under § 3582(c)(2) must be denied.  See United States v. Fareed, No. Crim. 04-499, 2006 WL 624895, at *2 (D.N.J. Mar. 9, 2006).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Reduce Sentence Pursuant [to] Amendment[s] 750 & 715" [Doc. 45] is **DENIED.**

**IT IS SO ORDERED.**

Signed: October 24, 2016

Martin Reidinger
United States District Judge

---

[1] Additionally, it must be noted that the Defendant received a sentence reduction pursuant to Amendment 782 in September 2015.  [Doc. 44].